PER CURIAM:
In this claim, claimant Andrew Rakes, as next friend of his son, Timothy Rakes, seeks recovery for injuries received by his son in a physical education class conducted at the Harts High School in Harts, Lincoln County, West Virginia; in addition, he seeks recovery in his individual capacity for medical expenses incurred by him in effecting a cure of his son’s injuries. The high school was controlled and maintained by respondent Board of Education of Lincoln County, and the physical education class was under the supervision of the respondent, Benjamin Hatten, an agent and employee of the Board of Education of Lincoln County.
The respondents have filed a Motion to Dismiss, and a more detailed discussion of the facts is not needed in order to rule on this motion. In the motion, the respondents contend that this Court has no jurisdiction to hear a claim against an individual employee of the State, and with this contention we agree. The respondents further contend that this Court has no jurisdiction to hear a claim against a board of education, and with this contention we also agree. The jurisdiction of this Court is clearly set forth and limited by Code 14-2-13, which reads in part as follows:
“The jurisdiction of the court, except for the claims excluded by section fourteen (§14-2-14), shall extend to the following matters:
*148 1. Claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the State or any of its agencies, . . . (Emphasis supplied.)
Code 14-2-3 defines the term “state agency” as follows:
“ ‘State agency’ means a state department, board, commission, institution, or other administrative agency of state government: Provided, that a ‘state agency’ shall not be considered to include county courts, county boards of education, municipalities, or any other political or local subdivision of the State regardless of any state aid that might be provided.” (Emphasis supplied.)
It is apparent from the foregoing that the respondents’ Motion to Dismiss must be granted.